UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY LEE DENNISON,            )
                                 )
                                 )
         v.                      )   Case No. 3:19cv34
                                 )
                                 )
FREDERICK ENTZEL.                )

MEMORANDUM IN SUPPORT OF THE PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2241

Now comes the Petitioner, Timothy Lee Dennison, (hereinafter Dennison), pro se, respectfully requesting this Honorable Court VACATE his sentence as a career offender. Dennison moves this Court based on the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415, 419 (4th Cir. App. 2018).

In Wheeler, the Fourth Circuit established a four prong test for a prisoner to challenge his sentence under the savings clause of § 2255(e) via a § 2241. As explained further Dennison meets the four prongs of Wheeler, and as such his sentence must be vacated.

Dennison was convicted of Conspiracy to Distribute 5 kilograms of cocaine, he was deemed to be a career offender which provided a guideline range of 262 to 327 months. Dennison's drug weight guideline range was held to be 140 to 175 months. Dennison entered into a "C Plea" under Rule

1

11(c)(1)(c) to a sentence of 180 months. He now presents this argument under Wheeler, that based on United States v. Whitley, he is no longer a career offender, and therefore his sentence must be vacated.

In Wheeler, the Fourth Circuit created a four prong test for a prisoner to challenge his detention, based on a defective sentence, Dennison addresses them in turn.

The first prong is that at the time of the original sentencing, the sentence was legal. Dennison pled guilty and was sentenced in 2012, at that time conspiracy under 21 U.S.C. § 846 was deemed to be a controlled substance offense for purposes of the career offender.

Second, subsequent to Dennison's direct appeal and initial § 2255, the substantive law changed, and that change would be retroactive on a defendant's direct appeal or initial § 2255. To satisfy this prong Dennison relies upon United States v. Whitley, 737 F. App'x 147 (4th Cir. 2018); see also, United States v. Martinez-Cruz, 836 F.3d 1305 (10 Cir. 2016). Whitley established that a controlled substance offense includes a conspiracy under U.S.S.G. § 4B1.2 CMT. N.1 see, United States v. Dozier, 848 F.3d 180, 182-83 (4th Cir. 2017), but that because the guidelines do not define a conspiracy it must be taken under the generic definition. See, United States v. McCollum, 885 F.3d 300 (4th Cir. App. 2018).

The Whitley court held that generic conspiracy requires an overt act, and further held that the elements of conspiracy under § 846 are (1) an

2

agreement to distribute narcotics; (2) the defendant knew of the conspiracy; (3) the defendant knowingly and voluntarily joined the conspiracy thus § 846 does not require an overt act. See, United States v. Min, 704 F.3d 314, 321 (4th Cir. 2013).

Therefore, because generic conspiracy requires the government to prove an overt act, and conspiracy under § 846 does not require an overt act, § 846 categorically fails to qualify as a controlled substance offense.

Whitley, is a change in substantive law, and is a case of statutory interpretation, and is therefore retroactive on collateral attack or direct appeal. See, Whorton v. Bockting, 549 U.S. 406, 416, 127 S. Ct. 1173, 167 L. Ed. 2d 1 (2007) as such Whitley satisfies the second prong of Wheeler.

The third prong requires a prisoner to show he cannot satisfy the requirements of § 2255(h)(2). Here Dennison relies upon Whitley, which is a substantive change in law by the Fourth Circuit, and as such will not satisfy § 2255(h)(2).

The fourth and final prong requires a prisoner show the error was so grave it constitutes a fundamental defect in the sentence. The Fourth Circuit addressed this in Wheeler, and again in Lester v. Flourney, (4th Cir. App. Decided December 2018). The court(s) explained that a defect is an erroneous benchmark in one's sentencing, and relied in-part on United States v. Tucker, 404 U.S. 443, 447, 92 S. Ct. 589, 30 L. Ed 2d 592 (1972). In Tucker, the Supreme Court vacated a 25 year sentence that the judge

3

clearly based on Tucker's two prior convictions, that were later ruled unconstitutional, finding that the sentence was not imposed in the informed descretion of the court, but instead was based on assumptions concerning Tucker's criminal record that were materially untrue.

Here, Dennison's sentence was a product of a Rule 11(c)(1)(c) plea, which bound the court to impose the agreed upon sentence of 180 months. The 180 month sentence was based upon Dennison's qualification as a career offender. Therefore Dennison's sentence is a product of misinformation, and as such this error constitutes a defect grave enough to warrant relief under Wheeler.

## CONCLUSION

Dennison presents this claim under Wheeler v. United States, 886 F.3d 415, 419 (4th Cir. App. 2018) based on the Fourth Circuit's holding in United States v. Whitley, 737 F. App'x 147 (4th Cir. 2018). Based on the holding in Whitley, that conspiracy under 21 U.S.C § 846 does not qualify as a controlled substance offense for purposes of the career offender enhancement. As such his sentence, which was the product of a binding plea under Rule 11(c)(1)(c) of 180 months is fundamentally defective, and warrants relief under Wheeler.

For all these reasons Dennison asks that his sentence be vacated, and he be resentenced absent the career offender enhancement.

4

Respectfully submitted,

_____
Timothy Lee Dennison
No. 54012037
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

## CERTIFICATE OF SERVICE

I, Timothy Lee Dennison, hereby certify that a copy of this § 2241 petition was mailed via the U.S. Postal Service (postage prepaid) on March 5, 2019, to the following party:

Clerk of the Court
U.S. District Court
P.O. Box 2857
Clarksburg, WV 26301

Respectfully submitted,

_____
Timothy Lee Dennison
No. 54012037
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

SET FORTH PURSUANT TO 28 U.S.C. § 1746

5